UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK HAFER,<br><br>    Plaintiff,<br><br>    v.<br><br>S. TAUNTON, et al.,<br><br>    Defendants. | 1:06-CV-00304-OWW-LJO-P<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOCUMENT #4) |

On March 20, 2006, plaintiff filed a motion seeking the appointment of counsel. The court cannot require an attorney to represent plaintiff. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

///

1

Dockets.Justia.com

1    In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.[1]  <u>Terrell</u>, 935 F.2d at 1017.

For the foregoing reasons, plaintiff's motion for the appointment of counsel, filed March 20, 2006, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:    April 4, 2006**              /s/ Lawrence J. O'Neill
i0d3h8                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The court has not yet screened plaintiff's complaint to determine whether it contains any cognizable claims for relief. 28 U.S.C. § 1915A. The court has many civil cases pending before it and will screen plaintiff's complaint in due course.

2