# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK HAFER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. TAUNTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-CV-00304-OWW-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 25)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Frank Hafer ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 20, 2006. Plaintiff filed an amended complaint on September 19, 2006.

　　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

1  In his amended complaint, plaintiff alleges he filed a grievance concerning the facts of this
2  case on December 7, 2005, and received a Director's Level decision, thereby exhausting the process,
3  on June 28, 2006. (Doc. 25, pg. 9.) Because is it clear from the face of plaintiff's amended
4  complaint that he did not exhaust the available administrative remedies prior to filing suit, this action
5  must be dismissed.[1] 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)
6  ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

7  Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without
8  prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the
9  available administrative remedies prior to filing suit.

10  These Findings and Recommendations will be submitted to the United States District Judge
11  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
12  **days** after being served with these Findings and Recommendations, plaintiff may file written
13  objections with the court. The document should be captioned "Objections to Magistrate Judge's
14  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
15  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
16  1153 (9th Cir. 1991).

18  IT IS SO ORDERED.
19  **Dated:     October 9, 2006**          /s/ Lawrence J. O'Neill
    b9ed48                                  UNITED STATES MAGISTRATE JUDGE

---

28  [1] In his original complaint, filed March 20, 2006, plaintiff alleged that he had filed a grievance but the process was not yet complete. (Doc. 1, § II.)

2